**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Reverend NAAMAN L. LAUDERDALE,<br><br>          Plaintiff,<br><br>     vs.<br><br>UPS Store owners RIC and LAURIE LOUIE,<br><br>          Defendants._____/ | No. C 05-0336 PJH (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He also requests leave to proceed in forma pauperis.

Venue is proper in this district because a substantial part of the events giving rise to the action occurred in this district. *See* 28 U.S.C. § 1391(b).

**DISCUSSION**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*B. Duplicate case numbers*

Plaintiff has written to the court expressing confusion regarding three cases he says he filed at about the same time. He attached to the letter a complaint which carries the clerk's official case number stamp showing the case number of this case, but which is against Washington Mutual Bank and which is entirely different from the complaint in this case. This court does not have on file any case by this plaintiff against Washington Mutual. It seems possible that the clerk thought that the Washington Mutual complaint was a copy of the complaint in this case and returned it to plaintiff as his file-stamped copy.

In any event, this case, case number C 05-0336 PJH (PR), is *Lauderdale v. Louie.* Because plaintiff does not have a case on file against Washington Mutual, he will have to file a new case if he wishes to pursue that claim.

*C. Legal Claims*

Plaintiff contends that defendants, who are the owners of a UPS Store, violated his privacy in disregard of their contractual obligations; encouraged "malicious prosecution" against him; posted personal financial data regarding him with intent to defame; "mishandled" mail received at their store; and defamed his character. The defendants are not state actors, so cannot be sued under Section 1983. *See West*, 487 U.S. at 48 (element of section 1983 claims is that defendants acted under color of state law). In addition, plaintiff does not allege federal constitutional violations, even if the acts alleged had been performed by state actors. The petition will be dismissed.

## CONCLUSION

Plaintiff's complaint is **DISMISSED** with prejudice. His motion for leave to proceed in forma pauperis is **DENIED**. No fee is due. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 10, 2006.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.05\LAUDERDALE336.DSM

2